T.C. Memo. 1996-124

UNITED STATES TAX COURT

DONALD WALKER, A.K.A. THEONALETH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8772-94.          Filed March 12, 1996.

Donald Walker, a.k.a. Theonaleth, pro se.

<u>Patricia Riegger</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was assigned pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.  All section numbers refer to the Internal Revenue Code for
the taxable years in issue.  All Rule numbers refer to the Tax
Court Rules of Practice and Procedure.

This case is before the Court on respondent's Motion to
Dismiss for failure to state a claim upon which relief can be
granted filed pursuant to Rule 40 and respondent's Motion for a
Penalty under section 6673.

Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

|       |            | Additions to Tax | |
| Year  | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1990  | $1,991     | $497.75      | $130.92      |
| 1991  | 2,689      | 672.25       | 154.64       |

Petitioner was employed by Riverbend Housing Co. (Riverbend) in 1990 and 1991. Riverbend paid petitioner wages of $18,552 and $23,471 during 1990 and 1991, respectively.

Respondent determined that petitioner failed to report the amounts received by petitioner as reported by Riverbend for the taxable years in issue. Respondent also determined the additions to tax set forth above.

Respondent's determinations in the statutory notices of deficiency are presumed correct, and petitioner bears the burden to disprove the determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner admitted that he worked for Riverbend in 1990 and 1991. There is no evidence in the record that petitioner filed returns for the years in issue.

Petitioner initially did not file a proper petition. Petitioner makes the statement in his amended petition that: "I DO NOT HAVE A SOURCE OF 'INCOME'" for both years in issue. Petitioner's amended petition further states:

    QUOTE THE DECLARATION OF INDEPENDENE
    CORPORATION ARE FORM BY MEN AND MEN DO HAVE THE RIGHT
    TO DISBAND. PAPER OF CONSENT A MUST. SIGN BY MY HAND
    I AM A FRIEND TO ALL THINGS THAT LIVE HONORABLY AND
    WITH RESPECT. ERIC AND CLEARFIELD DOCTRINE BEHOLD
    F.R.C.P. EVIDENCE 902 PARA 9

Petitioner also claims he is a non-domestic/non-resident/non-taxpayer.

Petitioner makes similar contentions in his second amended petition.  He also asserts that "The wage tax cases [Abrams] v. Commissioner, 82 T.C. 403 1984 - [Connor] v. Commissioner, 770 F 2 d 17 [2 cir. 1985] HAVE NO FOUNDATION".  We disagree.  As the Court of Appeals for the Second Circuit stated:  "A taxpayer has no constitutional right to bring frivolous lawsuits."  Connor v. Commissioner, 770 F.2d 17, 19 (2d Cir. 1985), affg. per curiam an unreported Order of this Court.  The Second Circuit is the court to which an appeal of this case may be taken.

Petitioner made additional arguments which we reject.  Suffice it to say that petitioner is not exempt from Federal income tax.  Abrams v. Commissioner, 82 T.C. 403, 407 (1984).  Payments of compensation for services performed are income.  Sec. 61(a)(1).

In his amended petition and second amended petition, petitioner makes tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit.  See, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v.Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).  We see no need to repeat these discussions here.

Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges

to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error".

We agree with respondent that petitioner's petition, amended petition, and second amended petition do not allege any justiciable error with respect to respondent's determinations in the notices of deficiency and allege no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent.

We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1) provides:

Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Petitioner is no stranger to this Court or to the Court of Appeals for the Second Circuit. Walker v. Commissioner, T.C. Memo. 1993-138, affd. per curiam in an unpublished opinion 19 F.3d 9 (2d Cir. 1994) (Walker I); Walker v. Commissioner, 52 F.3d 310 (2d Cir. 1995), affg. without a published opinion an unpublished Order of this Court (Walker II). In Walker I, the

Court of Appeals for the Second Circuit stated in its Order that "[t]he appeal is entirely frivolous". In Walker II, the Second Circuit stated in its Mandate that petitioner was pursuing claims essentially identical to and as frivolous as those in Walker I. In Walker II, this Court decided that under section 6673 petitioner was required to pay to the United States a penalty of $1,250.

In Walker III, the instant case, we find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $2,750.

We also remind petitioner that the Court of Appeals for the Second Circuit, which did not impose a sanction in Walker II, stated in that case that "Walker is admonished that the imposition of a mandatory sanction will almost inevitably result from any further frivolous appeals" to the Second Circuit.

An appropriate order and decision will be entered.